H. R. BIRDWELL v. P. R. MOALE and WILLIAM M. REDWOOD, TRADING AS AMERICAN SALES AND SERVICE COMPANY.

(Filed 19 December, 1924.)

**Principal and Agent—Vendor and Vendee—Contracts—Respondeat Superior.**

> Where the defendants have sent their agents to see the plaintiff, following the latter's inquiry, in regard to a sale of merchandise, and the agents have made the sale, accepted by defendant, and the goods delivered thereunder, the defendant is liable to plaintiff for the breach of the written contract of sale, though the contract itself did not accompany the agents' order and the defendants were not made aware of its terms.

APPEAL by defendant from judgment rendered by *Finley, J.,* at July Term, 1924, of BUNCOMBE.

51—188

BIRDWELL *v.* MOALE.

On 29 November, 1920, defendants, residing at Asheville, N. C., replied to a letter from plaintiff, residing at Birmingham, Ala., acknowledging the receipt of a letter inquiring as to certain weighing machines and scales manufactured and sold by defendants. In this letter plaintiff was advised as follows: "We will have our Mr. F. A. McKenney call on you in the very near future and take up the matter in full. Accept our thanks for your inquiry."

On 17 December, 1920, F. A. McKenney, as salesman for defendants, made a contract with plaintiff, at Birmingham, Ala., by which defendants agreed to sell to plaintiff certain weighing machines and scales, upon terms and stipulations fully set out therein. This contract was executed in duplicate, one copy being delivered to plaintiff, the other retained by McKenney. On same date plaintiff delivered to McKenney an order for the weighing machines and scales. The copy of the contract was not forwarded to defendants by McKenney, but the order was forwarded to and received by defendants. It was stipulated in the order that it was subject to approval and acceptance by the defendants. This order was accepted by defendants, and the weighing machines and scales shipped by them to plaintiff.

Defendants contend that they are not bound by the contract which their agent made with the plaintiff, as a duplicate of same was not sent to them by McKenney. They contend that the order, signed by plaintiff, forwarded to them by their agent, and accepted by them, contains all of the terms and stipulations of the contract between plaintiff and themselves.

The jury has found that the contract was as alleged by the plaintiff; that there was a breach of this contract by defendants, and that plaintiff is entitled to recover of defendants as damages for such breach $952.13. From judgment in accordance with verdict defendants appealed.

*Martin, Rollins & Wright for plaintiff.*
*Lee, Ford & Coxe for defendants.*

PER CURIAM. Assignments of error made by appellants cannot be sustained. The contract between plaintiff and defendants was negotiated by the agent of the defendants, who had expressly notified plaintiff that such agent would call to see him for the purpose of negotiating such contract. The failure of the agent to forward to defendants a duplicate of the contract, as signed by plaintiff and by the agent acting for the defendants, cannot affect the liability of defendants. It was stipulated in the order that same was subject to approval by defendants. The contract and the order were executed contemporaneously, and the

rights and liabilities of plaintiff and defendants are fixed and deter-
mined by the contract and the order construed together. The breach of
the contract, as alleged by the plaintiff, has been found by the jury
upon competent evidence.

Defendants' exceptions are not sustained. The judgment must be
affirmed. There is

No error.